IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
EASTERN DIVISION
Criminal No. 4:07-CR-57-BO
Civil No. 4:17-CV-88-BO

| HENRY LAMONT REID, | ) | |
|---|---|---|
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |

This cause is before the court on petitioner's motion to vacate, set aside, or correct a sentence under 28 U.S.C. § 2255 [D.E. 149] and respondent's motion to dismiss [D.E. 155]. The court summarily grants petitioner's motion to supplement [D.E. 159]. For the following reasons, the court grants in part respondent's motion to dismiss and dismisses without prejudice the § 2255 motion.

## BACKGROUND:

On June 10, 2008, pursuant to a plea agreement, petitioner pleaded guilty to conspiracy to distribute more than 5 kilograms of cocaine and more than 50 grams of cocaine base (crack), in violation of 21 U.S.C. § 846, and possession of a firearm in furtherance of a drug trafficking offense, in violation of 18 U.S.C. § 924(c)(1)(A). Plea Agreement [D.E. 65]. Petitioner subsequently moved pro se to withdraw his guilty plea [D.E. 68], but the court denied the motion [D.E. 85].

On January 21, 2009, petitioner was sentenced to 322 months' incarceration–262 months for the drug offense to run consecutive with 60 months for the firearms offense. See J. [D.E. 96]. Petitioner appealed [D.E. 94]. On July 9, 2010, the United States Court of Appeals for the Fourth Circuit ("Fourth Circuit") affirmed petitioner's conviction [D.E. 107, 108].

On November 8, 2011, petitioner moved to vacate, set aside, or correct his sentence under section 2255 [D.E. 112]. On May 15, 2012, after petitioner failed to reply to the Government's motion to dismiss or, in the alternative, its motion for summary judgment, the court dismissed petitioner's section 2255 motion [D.E. 125, 126]. Petitioner appealed [D.E. 127].[1] On September 14, 2012, the Fourth Circuit dismissed the appeal for failure to prosecute [D.E. 131].

On July 25, 2016, the Fourth Circuit denied petitioner's motion under 28 U.S.C. §§ 2244(b), 2255(h), seeking authorization to file a second or successive section 2255 motion in reliance on the United States Supreme Court's decisions in Johnson v. United States, 135 S. Ct. 2551 (2015) ("Johnson"),[2] and Welch v. United States, 136 S. Ct. 1257 (2016) ("Welch").[3] See Order [D.E. 148]. The Fourth Circuit found petitioner failed to make a prima facie showing necessary to receive authorization for a second or successive section 2255 motion "because his two prior controlled substance offense convictions remain valid career-offender predicates following Johnson." Id. at 1.

## ARGUMENTS:

In his instant section 2255 motion, petitioner argues his career-offender designation under the United States Sentencing Guidelines ("Guidelines" or "U.S.S.G.") is improper under Johnson. See Mot. [D.E. 149]. Petitioner first contends his robbery conviction does not constitute a "crime of violence." See id. at 3, 7 (citing U.S.S.G. § 4B1.2 and United States v. Gardner, 823 F.3d 793

---

[1] Petitioner also moved to modify his sentence via 18 U.S.C. § 3582(c)(2) [D.E. 130, 140], but the court denied these motions. See [D.E. 138, 144] ("The offense level resulted from application of the career offender guideline.").

[2] In Johnson, the Supreme Court held the "residual clause" of the Armed Career Criminal Act (ACCA)–defining a "violent felony" as any felony that "involves conduct that presents a serious potential risk of physical injury to another," 18 U.S.C. § 924(e)(2)(B)–was unconstitutionally vague. See Johnson, 135 S. Ct. at 2557.

[3] In Welch, the Supreme Court held that, because the rule announced in Johnson was substantive, not procedural, the holding in Johnson applied retroactively to defendants whose convictions and sentences already had become final. See Welch, 136 S. Ct. at 1265.

2

(4th Cir. 2016) ("Gardner")).[4] Second, petitioner contends that, because two of his controlled substance convictions were consolidated for judgment, they constitute only a single conviction under the Guidelines under United States v. Davis, 720 F.3d 215 (4th Cir. 2013) ("Davis").[5] Id. at 8. Third, petitioner contends he has satisfied the section 2255(h)(2) gateway requirements. Id. at 13.

Respondent moves to dismiss petitioner's section 2255 motion as second or successive, untimely, and otherwise failing on the merits. See Resp't Mot. [D.E. 155]; Resp't Mem. [D.E. 156].

In his response in opposition, petitioner argues his filing actually constitutes a motion under Rule 60(b) of the Federal Rules of Civil Procedure ("Rule 60(b)"). See Pet'r Resp. [D.E. 158] at 3. Petitioner asserts that, pursuant to Mathis v. United States, 136 S. Ct. 2243 (2016) ("Mathis"), two of his prior convictions for cocaine possession are no longer career-offender predicates.[6] Id. (citing U.S.S.G. § 4B1.2(b)). Further, petitioner argues he is entitled to an evidentiary hearing. Id. at 8–9.

In his motion to supplement, petitioner asserts that his "60(b)(6) motion is presently pending" before the court and he requests that the court take notice of the Fourth Circuit's decision in United States v. Wheeler, 886 F.3d 415 (4th Cir. 2018) ("Wheeler"). See Pet'r Mot. [D.E. 159] at 1.

DISCUSSION:

A prisoner cannot bring a "second or successive" section 2255 motion unless the appropriate court of appeals first certifies that the second or successive motion contains either "newly discovered

---

[4] To the extent petitioner argues the residual clause of U.S.S.G. §4B1.2 is unconstitutionally vague pursuant to Johnson, the Supreme Court has rejected this argument. See Beckles v. United States, 137 S.Ct. 886, 895 (2017).

[5] Petitioner's reliance on Davis is misplaced; he was convicted prior to Davis and that decision does not apply retroactively to cases on collateral review. See Lee v. United States, No. 7:07-CR-79-D, 2013 WL 5561438, at *3 (E.D.N.C. Oct. 8, 2013), aff'd (Sept. 29, 2014).

[6] Petitioner's reliance on Mathis likewise is misplaced. The Supreme Court has not held Mathis to apply retroactively on collateral review. See In re Conzelmann, 872 F.3d 375, 377 (6th Cir. 2017).

3

evidence" or "a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable." 28 U.S.C. § 2255(h). Although petitioner asserts his arguments pursuant to Johnson satisfy the section 2255(h) gateway requirements, see Pet'r Mot. [D.E. 149] at 3, the Fourth Circuit already has determined they do not, see Order [D.E. 148]. Without prior authorization of the Fourth Circuit, the court lacks jurisdiction to consider the instant second or successive petition. See United States v. Winestock, 340 F.3d 200, 205 (4th Cir. 2003).

Alternatively, if petitioner's prior section 2255 motion was dismissed without addressing the merits such that the instant action is merely second-in-time, but not "second or successive," the court would possess jurisdiction. See Slack v. McDaniel, 529 U.S. 473, 485–86 (2000). Nevertheless, petitioner's instant section 2255 motion would be dismissed as untimely because he filed it more than one year after the Supreme Court issued Johnson on June 26, 2015. See 28 U.S.C. § 2255(f)(3) (requiring a petitioner to file within a one year of "the date on which the right asserted was initially recognized by the Supreme Court."); Dodd v. United States, 545 U.S. 353, 357 (2005) (holding the § 2255(f)(3) one-year limitation period runs from date the Supreme Court initially recognized the right asserted, not from date on which the right was made retroactively applicable).

Although petitioner assets this action is properly construed as a motion pursuant to Federal Rule of Civil Procedure 60(b),[7] see [D.E. 158, 159], the court will "classify pro se pleadings from prisoners according to their contents, without regard to their captions." Winestock, 340 F.3d at 203 (citing United States v. Emmanuel, 288 F.3d 644, 647 (4th Cir. 2002)). Because petitioner challenges his career-offender sentence, the proposed relief under Rule 60(b) is identical to the relief he could obtain through a successful section 2255 motion. Thus, his attempt to proceed under Rule

---

[7] To the extent petitioner alleges he submitted a separate Rule 60(b) motion dated February 14, 2017, see Pet'r Resp.[D.E. 158] at 3, the docket does not reflect the filing of such a motion.

4

60(b) merely endeavors to avoid the Antiterrorism and Effective Death Penalty Act ("AEDPA") restrictions on section 2255 motions. See United States v. McRae, 793 F.3d 392, 397 (4th Cir. 2015) ("[A] Rule 60(b) motion in a habeas proceeding that attacks the substance of the federal court's resolution of a claim on the merits is not a true Rule 60(b) motion, but rather a successive habeas petition." (internal quotation and citation omitted)). Accordingly, regardless of the label petitioner wishes to apply, the court finds that the instant action actually constitutes a section 2255 motion and, for the reasons discussed above, this action is either 1) a "second or successive" section 2255 motion filed without the prior authorization of the Fourth Circuit such that the court lacks jurisdiction, Winestock, 340 F.3d at 205, or 2) untimely under 28 U.S.C. § 2255(f)(3).[8]

To the extent petitioner seeks to proceed in a habeas petition under 28 U.S.C. § 2241, see [D.E. 159], he challenges the validity of his career-offender sentence, not its execution. Thus, petitioner may "file a habeas petition under § 2241 only if the collateral relief typically available under § 2255 'is inadequate or ineffective to test the legality of his detention.'" Prousalis v. Moore, 751 F.3d 272, 275 (4th Cir. 2014) (quoting the "saving clause"[9] of 28 U.S.C. § 2255(e)); see also In re Vial, 115 F.3d 1192, 1194 n.5 (4th Cir. 1997) (en banc) ("[T]he remedy afforded by § 2255 is

---

[8] Even were the court to consider the instant action as a Rule 60(b) motion, it is unclear from what final judgement, order, or proceeding petitioner seeks relief. See Fed. R. Civ. P. 60(b). Moreover, the court presumes, without deciding, petitioner would fail to meet the timeliness requirement for such relief because he filed this action on June 16, 2017, more than one year after any order or judgment of this court. See Moses v. Joyner, 815 F.3d 163, 166 (4th Cir. 2016) (discussing the Rule 60(b) timeliness requirement), cert. denied sub nom. Moses v. Thomas, 137 S. Ct. 1202 (2017); Robinson v. Wix Filtration Corp. LLC, 599 F.3d 403, 412 n.12 (4th Cir. 2010) (noting movants must meet four threshold requirements to proceed under Rule 60(b), including timeliness); McLawhorn v. John W. Daniel & Co., 924 F.2d 535, 538 (4th Cir. 1981) (the Fourth Circuit has "held on several occasions that a Rule 60(b) motion is not timely brought when it is made three to four months after the original judgment and no valid reason is given for the delay."). Although petitioner vaguely asserts "extraordinary circumstances," see [D.E. 158] at 3, he provides no valid reason for any delay. See Gonzalez v. Crosby, 545 U.S. 524, 536 (2005) (finding a change in law did not constitute an extraordinary circumstance for the purposes of a Rule 60(b) motion).

[9] "[S]aving[, not savings,] is the precise word" for "a statutory provision exempting from coverage something that would otherwise be included," McCarthan v. Dir. of Goodwill Indus.-Suncoast, Inc., 851 F.3d 1076, 1082–83 (11th Cir. 2017) (quoting Bryan A. Garner, GARNER'S DICTIONARY OF LEGAL USAGE 797 (3d ed. 2011)), cert. denied sub nom. McCarthan v. Collins, 138 S. Ct. 502 (2017).

5

not rendered inadequate or ineffective merely because an individual has been unable to obtain relief under that provision [ ] or because an individual is procedurally barred from filing a § 2255 motion." (citations omitted)).

In Wheeler, the Fourth Circuit clarified how the section 2255(e) "saving clause" operates for an individual seeking to attack the legality of a sentence in a section 2241 petition:

> [Section] 2255 is inadequate and ineffective to test the legality of a sentence when: (1) at the time of sentencing, settled law of this circuit or the Supreme Court established the legality of the sentence; (2) subsequent to the prisoner's direct appeal and first § 2255 motion, the aforementioned settled substantive law changed and was deemed to apply retroactively on collateral review; (3) the prisoner is unable to meet the gatekeeping provisions of § 2255(h)(2) for second or successive motions; and (4) due to this retroactive change, the sentence now presents an error sufficiently grave to be deemed a fundamental defect.

Wheeler, 886 F.3d at 429. If a petitioner cannot satisfy the section 2255(e) "saving clause" requirements, his section 2241 petition must be dismissed for lack of jurisdiction. Id. at 423 (quotation omitted); see Rice v. Rivera, 617 F.3d 802, 807 (4th Cir. 2010) (per curiam).

Although petitioner seeks to rely on Wheeler, see [D.E. 159] at 1, this reliance is misplaced. The court assumes, without deciding, petitioner correctly asserts his robbery conviction no longer constitutes a career-offender predicate offense. See [D.E. 149] at 7 (citing Gardner, 823 F.3d at 804). The Guidelines, however, merely require two prior felony convictions "of either a crime of violence or a controlled substance offense" for a career offender finding. U.S.S.G. § 4.B1.1. As noted above, even after Welch held that the substantive rule announced in Johnson applied retroactively, the Fourth Circuit nevertheless concluded that two of petitioner's "prior controlled substance offense convictions remain valid career-offender predicates following Johnson." See Order [D.E. 148] at 1. Thus, because Johnson does not induce a fundamental defect in his sentence,

petitioner fails to satisfy the section 2255(e) "saving clause" requirements necessary to demonstrate that a section 2255 motion is "inadequate or ineffective to test the legality of a sentence." Wheeler, 886 F.3d at 429. Accordingly, even liberally construing petitioner's filing as a section 2241 habeas petition, the court would still dismiss for lack of jurisdiction. See id. at 423; Rice, 617 F.3d at 807.

Finally, after reviewing petitioner's habeas petition in light of the applicable standard, the court determines that reasonable jurists would not find the court's treatment of any of these claims debatable or wrong, and none of the issues are adequate to deserve encouragement to proceed further. Accordingly, the court will deny a certificate of appealability. See 28 U.S.C. § 2253(c); Miller-El v. Cockrell, 537 U.S. 322, 336–38 (2003); Slack, 529 U.S. at 484.

## CONCLUSION:

For the reasons discussed above, the court:

(1)  GRANTS petitioner's motion to supplement [D.E. 159];

(2)  GRANTS IN PART respondent's motion to dismiss [D.E. 155] because the court lacks jurisdiction to consider petitioner's second or successive section 2255 motion or, in the alternative, because this motion is untimely, see 28 U.S.C. § 2255(f)(3);

(3)  DENIES petitioner's request for an evidentiary hearing because the motion, files, and records conclusively show petitioner is not entitled to relief, see 28 U.S.C. § 2255(b);

(4)  DISMISSES WITHOUT PREJUDICE the section 2255 motion [D.E. 149]; and

(5)  DENIES a certificate of appealability.

SO ORDERED. This 14 day of October 2018.

Terrence Boyle
TERRENCE W. BOYLE
United States District Judge

7